# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DARYL KEVIN STOKES, # 313-631     *

Petitioner     *     Civil Action No. RDB-12-840

v     *

FRANK B. BISHOP, et al.     *

Respondents     *
     ***

## MEMORANDUM OPINION

Pending is Daryl Kevin Stokes' ("Stokes") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his conviction in the Circuit Court for Harford County, Maryland for armed robbery and related offenses. (ECF No. 1). Respondents Frank Bishop, former Warden of Western Correctional Institution[1] and Douglas Gansler, Attorney General of the State of Maryland, by their counsel, have filed a Response requesting dismissal of the Petition as unexhausted (ECF No. 8)[2] to which Stokes has filed a Reply. (ECF No. 11-12). After reviewing the parties' submissions, this Court now rules as a hearing is unnecessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (stating a petitioner not is entitled to a hearing under 28 U.S.C. § 2254 (e) (2)). For reasons set forth below, the Petition will be DISMISSED without prejudice for lack of exhaustion.

---

[1]    Richard J. Graham, Jr., the current Warden of Western Correctional Institution, will be substituted for Frank Bishop as Respondent. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 434–47 (2004) (noting petitioner's custodian is the proper respondent is habeas proceeding); Fed. R. Civ. P. 25(d)(1) (setting forth substitution of parties).

[2]    After considering Stokes' Reply, Respondents were directed to provide a copy of Stokes' appeal on direct review to the Court of Special Appeals of Maryland in *Stokes v. State*, September Term 2003, Case No. 399 and the State of Maryland's response thereto. (ECF Nos. 11, 12, 15, and 16.). The additional exhibits were filed on December 19, 2013. (ECF No. 16).

## PROCEDURAL HISTORY

On February 12, 2003, a jury sitting in the Circuit Court for Harford County found Stokes guilty of three counts each of armed robbery, robbery, first-degree assault, and second-degree assault, one count of use of a handgun in the commission of a felony and crime of violence, one count of wearing, carrying and transporting a handgun, and one count of theft. (Exhibits 1 and 2).[3] On April 28, 2003, the court imposed the following sentence: three concurrent twenty-year sentences for the armed robbery convictions; and a ten-year consecutive sentence for the use of a handgun in a crime of violence conviction. *Id.* All other sentences were merged. *Id.*

Stokes raised three claims on direct appeal which the Court of Special Appeals of Maryland set forth as follows:

1. Did three in-court identifications violate Stokes' right to due process where the witnesses had previously described their assailant as being a young male African-American, had no extra-judicial opportunity to identify Stokes, and Stokes was the only young African-American male in the courtroom?

2. Did the Circuit Court err in instructing the jury on the reliability of in-court identifications by not including, among the factors to be considered, the length of time between the crime and the identification?

3. Was the evidence legally sufficient to sustain Stokes' conviction?

(Exhibit 2 at 2). By unreported opinion filed on February 17, 2005, the Court of Special Appeals of Maryland affirmed Stokes' judgment of conviction. *See id.* Stokes, by his counsel, filed a Petition for Writ of Certiorari asking the Court of Appeals of Maryland to review whether the trial court had properly instructed the jury with respect to in-court identifications. (Exhibits 3-5). The Petition for Writ of Certiorari was denied on June 10, 2005. *See id.* Stokes' conviction became final for direct appeal purposes on September 8, 2005, when the time for seeking review in the Supreme Court expired. *See* Sup. Ct. Rule 13.1.

---

[3] All the exhibits in this case were filed by Respondents and are docketed at ECF No. 8.

On August 27, 2008, Stokes initiated post-conviction proceedings by filing a counseled Petition for Post-Conviction relief in the Circuit Court for Harford County. (Exhibit 1 at 12; Exhibit 5). The Petition for Post-Conviction relief, as supplemented, alleged: (A) trial counsel was ineffective for (1) failing to object to Detective William Dill's responses during cross-examination, and (2) failing to adequately address a juror's question regarding whether Stokes' counsel was paid or appointed; (B) the trial court erred by failing to respond to a juror's question whether Stokes' counsel was paid or appointed; and (C) appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel on direct appeal. (Exhibits 5 and 6). The Circuit Court for Harford County held a hearing on the Post-Conviction Petition on February 6, 2009, and filed a statement of reasons on April 17, 2009, which denied post-conviction relief. (Exhibit 7).

Stokes filed an Application for Leave to Appeal the denial of post-conviction relief alleging that: (A) trial counsel was ineffective for failing object to "other crimes" evidence and failing to preserve this issue for appellate review; (B) the trial court erred by failing to respond to a juror's question whether Stokes's counsel was paid or appointed; and (C) appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal. (Exhibit 8). On August 10, 2011, the Court of Special Appeals summarily denied the Application for Leave to Appeal by unreported opinion, and the mandate was issued on September 12, 2011. (Exhibit 9). Stokes' federal habeas Petition was received for filing on March 16, 2012.

## PETITIONER'S CLAIMS

In his federal Petition, Stokes claims: 1) Detective William Dill made a deal with a key witness that was not disclosed;[4] (2) Detective Dill did not conduct a proper investigation of the

---

[4] Stokes alleges in his Reply that Detective Dill committed "perjury by making a deal with the State's key witness." (ECF No. 11 at 2).

case or act in good faith; (C) the prosecutor committed misconduct by failing to disclose "that [a] key witness was pending motion for reconsideration of his/her own sentence, and by knowingly using perjured testimony"; and (D) the trial court improperly imposed a mandatory sentence where the subsequent offender notice was filed improperly. (Complaint, ECF No. 1 at 7-10).

## DISCUSSION

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). In order for a state prisoner to satisfy the exhaustion requirement, he must have fairly presented both the same legal claims and the same supporting facts to each of the appropriate state courts. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Gray v. Netherland*, 518 U.S. at 162-63. Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, the claim must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12–201 and § 12–301. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an Application for Leave to Appeal to the Court of Special Appeals. *See* Md.Code Ann., Crim. Proc. § 7–109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12–202. However, if the application is granted but relief

on the merits of the claim is denied, the petitioner must a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210–11 (1981).

Stokes contests that his claims are unexhausted. (Reply, ECF No. 11). His reply, however, addresses only one claim in this regard. Stokes asserts that Det. Dill's truthfulness was presented in a footnote in his Petition for Writ of Certiorari (ECF No. 3 at 9, n. 4).[5] As earlier noted, the sole question presented for certiorari review was whether the jury instruction was erroneous. (ECF No. 3). Simply put, Stokes did not raise the issue of prosecutorial misconduct in his Petition for Writ of Certiorari. Stokes does not address exhaustion of his remaining claims.

The record reflects that none of the claims Stokes is raising was raised previously in state court. Exhibits 2, 3, 5-7; ECF No. 1 at 7-10. Thus, the claims presented have not been exhausted. Stokes no longer has direct appeal rights related to the unexhausted claims asserted in his current petition, nor is he entitled to pursue post-conviction relief as a matter of course under the Maryland Post Conviction Procedure Act, because his initial post-conviction proceedings have been completed. *See* Md. Code Ann., Crim. Pro. Art., §§ 7-101 *et seq.* As Respondents note, Stokes claims that the interests of justice compel awarding him relief, and the record confirms that he has not filed a Motion to Reopen Post conviction proceedings in state court based on his judgment of conviction Exhibit 1; *see also* Md. Code Ann., Crim. Proc. Art., at § 7-104 (providing that post-conviction proceeding may be reopened in the interests of justice).

In the absence of a valid excuse, a habeas petitioner must first fully present his claims to the state courts. 28 U.S.C. § 2254(b)(1)(B) (providing exhaustion may be waived if a petitioner can show "there is an absence of available State correction process or ... circumstances exist that render such process ineffective to protect the rights of the applicant"). Excuse of the exhaustion

---

[5] In the footnote, it was suggested that witness Tae Han Knox's testimony that he was pulled over by police several weeks after the robbery at issue in Stokes' case "directly contradicts the later statement by Detective Dill that Mr. Knox voluntarily came in to give testimony." (ECF No. 8 at Exhibit 3 at 9).

requirement is necessary, however, only when the state remedies are proven to be ineffective to protect a petitioner's rights. *See Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3rd Cir. 1986); *Ward v. Freeman*, 46 F.3d 1129, 1995 WL 48002 (4th Cir. 1995) (unpublished) (noting "state remedies may be rendered ineffective by inordinate delay or inaction in state proceedings"). Thus, because that there is a potentially viable state remedy available to Stokes by way of a Motion to Reopen Post-Conviction Proceedings, the Petition will be dismissed without prejudice as unexhausted.

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability is a "jurisdictional prerequisite" to an appeal from the Court's earlier order. *See United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where, as here, a motion is denied on a procedural ground, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Stokes does not satisfy this standard and this Court declines to issue a Certificate of Appealability.

**CONCLUSION**

For these reasons, this Court will DISMISS the Petition without prejudice for lack of exhaustion by separate Order to follow.

MARCH 27, 2014
Date

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE